UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KEITH E. BROWN EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1089 ERW |
| | ) | |
| MELVIN SKEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's second amended complaint under 28 U.S.C. § 1915(e). After reviewing the complaint, the Court finds that some of plaintiff's claims must be dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is currently a prisoner at the Jefferson City Correctional Center. Plaintiff brings this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc–1 ("RLUIPA"). At all times relevant to the complaint, plaintiff was confined in the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). Defendants are Melvin Skeen, the Chaplain at ERDCC, and Terry Russell, the Superintendent of ERDCC. Plaintiff sues defendants in their individual and official capacities. He seeks monetary and injunctive relief.

Plaintiff alleges that he is Muslim and that he was not able to properly participate in the Ramadan of 2011 because he was in disciplinary segregation. He says that he was not allowed to properly wash himself before prayers or to wear outer clothing during prayers, which are both required by the Quran. Plaintiff says this was a result of institutional polices enforced by the defendants.

Plaintiff claims that defendant Skeen forbade him to wear his "Islamic apparel" to chapel, except for his Kufi head cap. Plaintiff argues that the prohibition interfered with his ability to practice his religion.

Plaintiff sues defendant Russell "for having established, promulgated &/or otherwise given tacit consent to the enforcement of Institutional policies which were inimical to the obligatory tenets of plaintiff's [Islamic] faith . . . ."

**Discussion**

1.  *Section 1983 Claims*

The Court finds that plaintiff's § 1983 claim against Skeen in his individual capacity regarding the prohibition on Islamic clothing in the chapel should not be dismissed. As a result, the Court will direct the Clerk to issue process on Skeen.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against Skeen in his official capacity.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has not alleged facts showing that either Skeen or Terry Russell were directly responsible for his inability to participate in Ramadan. His conclusory allegations to the effect that defendants were responsible for enforcing prison policy does not show the necessary causal link. As a result, this claim does not state a plausible claim for relief, and defendant Russell must be dismissed.

2.  *RLUIPA Claims*

Pursuant to RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> **(1)** is in furtherance of a compelling governmental interest; and
>
> **(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

RLUIPA does not authorize individual capacity claims against prison officials. *E.g.*, *Blake v. Cooper,* 2013 WL 523710, *1 (W.D. Mo. Feb. 12, 2013). While RLUIPA allows official-capacity claims against prison officials, it does not authorize monetary damages based on official-capacity claims. *See Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009). Plaintiff's only available relief, therefore, lies in equity. In this case, however, plaintiff's demand for injunctive relief is moot because he is no longer imprisoned at ERDCC. Therefore, plaintiff's RLUIPA claims are frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendant Melvin Skeen in his individual capacity for claims regarding the prohibition on Islamic clothing in the chapel.

**IT IS FURTHER ORDERED** that claims against defendant Terry Russell are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims against Melvin Skeen are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's RLUIPA claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

So Ordered this 25th day of January, 2016.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE