UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BROWN EL, | ) |
| Plaintiff(s), | ) |
| v. | ) No. 4:15CV1089 ERW |
| MELVIN SKEEN, et al., | ) |
| Defendant(s). | ) |

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute [ECF No. 26].

I. BACKGROUND

Plaintiff Keith E. Brown El ("Plaintiff") filed a complaint in this Court on July 13, 2015, and an amended complaint on January 19, 2016, pursuant to 42 U.S.C. § 1983 alleging Defendants Melvin Skeen and Terry Russell violated his First Amendment rights under the United States Constitution. Plaintiff's claims against Defendant Terry Russell were dismissed. Defendant Melvin Skeen ("Defendant") scheduled to take Plaintiff's deposition on June 21, 2016. Defendant mailed the notice of deposition to Plaintiff's address of record. Plaintiff did not appear for the deposition and did not call defense counsel. A record of non-appearance was made.

II. DISCUSSION

"A dismissal for failure to prosecute is proper when there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993) (citation omitted). The Court must consider the nature of the conduct prompting the request for dismissal, the adverse impact of the conduct on Defendants and the administration of justice, and the

availability of less severe options. *Id.* at 686-87. Disposition on the merits is favored and "the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after less dire alternatives have been tried without success." *Peterson v. Archstone Communities, LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (quotations and citations omitted). There should be evidence of bad faith, deliberate misconduct, or tactical delay, when dismissing for failure to prosecute. *Id*.

Here, Defendant moves to dismiss the matter for failure to prosecute because Plaintiff failed to appear for a deposition. Defense counsel made a record of non-appearance fifteen minutes after the deposition was to begin. There is no evidence of defense counsel's attempt to contact Plaintiff or attempt to reschedule the deposition. Further, Defendant provides no evidence of previous attempts to delay the case or other bad conduct on the part of Plaintiff.

Failure to appear for a deposition causes disruption to management of the case. Occasionally, there may be just cause assigned for missing a scheduled deposition. In the absence of such cause, the failing party must be accountable for the expense caused. Defendants' counsel is ordered, within seven days, to file a statement of fees incurred for attending the deposition, and to secure from the court reporter a statement of fees incurred for attending the deposition. The Court will order Plaintiff to compensate Defendants and the court reporter for Plaintiff's failure to appear for the deposition.

Plaintiff did not respond to Defendant's Motion or the Court's order to show cause as to why Defendant's motion should not be granted. However, Plaintiff's address changed which the Court learned on July 22, 2016. Until a record of more egregious conduct has been established, the Court will not grant Defendant's Motion to Dismiss for Failure to Prosecute. Plaintiff will be ordered to appear at a deposition at a time, date, and place of Defendant's choosing. Failure to appear will result in sanctions against Defendant and possible dismissal of this matter. The parties shall also submit amended deadlines for discovery and dispositive motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute [ECF No. 26] is **DENIED**.

So Ordered this 17th day of August, 2016.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**