UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH BROWN EL, | ) |
| Plaintiff(s), | ) ) ) |
| v. | ) No. 4:15CV1089 ERW ) |
| MELVIN SKEEN, et al., | ) ) |
| Defendant(s). | ) ) |

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Second Motion to Dismiss for Failure to Prosecute [ECF No. 33].

**I. BACKGROUND**

Plaintiff Keith E. Brown El ("Plaintiff") filed a complaint in this Court on July 13, 2015, and an amended complaint on January 19, 2016, pursuant to 42 U.S.C. § 1983 alleging Defendants Melvin Skeen and Terry Russell violated his First Amendment rights under the United States Constitution. Plaintiff's claims against Defendant Terry Russell were dismissed. Defendant Melvin Skeen ("Defendant") scheduled to take Plaintiff's deposition on June 21, 2016. Defendant mailed the notice of deposition to Plaintiff's address of record. Plaintiff did not appear for the deposition and did not call defense counsel. A record of non-appearance was made. A second deposition was scheduled for September 13, 2016 and a notice of deposition was sent to Plaintiff. Plaintiff did not appear at the deposition, and did not contact Defendant's counsel. Counsel's paralegal attempted to contact Plaintiff but was unable to speak with him. Defendant's counsel waited from 9:00 a.m. to 9:55 a.m. for Plaintiff to appear and he made no appearance.

**II. DISCUSSION**

"A dismissal for failure to prosecute is proper when there has been 'a clear record of delay or contumacious conduct by the plaintiff.'" *Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993) (citation omitted). The Court must consider the nature of the conduct prompting the request for dismissal, the adverse impact of the conduct on Defendants and the administration of justice, and the availability of less severe options. *Id*. at 686-87. Disposition on the merits is favored and "the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after less dire alternatives have been tried without success." *Peterson v. Archstone Communities, LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (quotations and citations omitted). There should be evidence of bad faith, deliberate misconduct, or tactical delay, when dismissing for failure to prosecute. *Id*.

This is Plaintiff's second time failing to appear for a scheduled deposition. Defense counsel attempted to contact him to no avail. He has not responded to any of Defendant's filings with the Court or to the Court's orders. When Plaintiff missed the first deposition, the Court gave him the opportunity to continue to pursue his case, but he has not taken that opportunity. Therefore, the Court finds dismissal for failure to prosecute is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Prosecute [ECF No. 26] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all remaining Defendants are **DISMISSED**, without prejudice.

So Ordered this 26th day of October, 2016.

*E. Richard Webber*
_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**